UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FLORIDA PREBORN RESCUE,
INC., ALLEN TUTHILL,
ANTONIETTE M. MIGLIORE,
and SCOTT J. MAHURIN,

    Plaintiffs,

v.                              CASE NO. 8:23-cv-01173-MSS-AAS

CITY OF CLEARWATER,
FLORIDA,

    Defendant.
_____/

**[PLAINTIFFS' PROPOSED]**
**ORDER GRANTING PRELIMINARY INJUNCTION**

Before the Court is the motion of Plaintiffs Florida Preborn Rescue, Inc., Allen Tuthill, Antoniette M. Migliore, and Scott J. Mahurin (collectively, "Plaintiffs") for a preliminary injunction, pursuant to Fed. R. Civ. P. 65(a), prohibiting Defendant City of Clearwater, Florida, together with its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with them, (collectively, "the City") from enforcing Clearwater City Code § 28.10, otherwise known as Ordinance 9665-23 (hereinafter, "the Ordinance");

**EXHIBIT F**

This matter came for hearing before the undersigned judge on _____, 2023;

Based on the declarations submitted by Plaintiffs, the reasons set forth in their motion and memorandum of law, and the entire record in this cause, the Court FINDS and CONCLUDES as follows:

1. The City has been properly served with each motion, brief, affidavit, exhibit, proposed order, and other paper submitted to support the motion for preliminary injunction, and it has similarly been properly served with the summons and complaint in this case in accordance with the Federal Rules of Civil Procedure and the Court's Local Rules;

2. Plaintiffs are likely to prevail on the merits of their claims that the Ordinance violates their free speech rights under the First and Fourteenth Amendments to the United States Constitution;

3. In particular, the Ordinance is not narrowly tailored and fails to leave open adequate alternative means of communication, thus violating *McCullen v. Coakley*, 573 U.S. 464, 476 (2014);

4. Additionally, the City enforces the Ordinance in a viewpoint discriminatory manner; even assuming the Ordinance is not thereby rendered *per se* unconstitutional due to this viewpoint discrimination, the Ordinance still fails strict scrutiny;

5. Plaintiffs are likely to suffer irreparable injury absent issuance of a preliminary injunction since the deprivation of constitutional rights, even momentarily, is irreparable harm;

6. Without a preliminary injunction, Plaintiffs will be prevented from exercising their free speech rights under the First and Fourteenth Amendments at the Bread and Roses Woman's Health Center ("Clinic"), located at 1560 South Highland Avenue in Clearwater, Florida;

7. Specifically, Plaintiffs will be prevented from engaging in personal, consensual conversations with individuals entering or exiting the Clinic and prevented from distributing literature to those persons at the Clinic unless a preliminary injunction issues;

8. Issuance of a preliminary injunction will be in the public interest, and the City is not harmed by issuance of an injunction precluding enforcement of the Ordinance, because upholding Constitutional rights and preventing enforcement of an invalid law are always in the public interest;

9. No bond or security should be required of the Plaintiffs because the City is at no risk of material damage from an injunction preventing enforcement of an unconstitutional ordinance;

WHEREFORE, for good cause shown, it is **ORDERED, ADJUDGED, AND DECREED** as follows:

1. The City is hereby preliminarily enjoined from enforcing the Ordinance in any manner pending entry of final judgment in this case;

2. This injunction applies to the City; the City's officers, agents, servants, employees, and attorneys; and any other persons who are in active concert or participation with the City;

3. The bond under Fed. R. Civ. P. 65(c) is fixed at zero dollars.

Entered this _____ day of _____, 2023.

_____
UNITED STATES DISTRICT JUDGE