# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

FLORIDA PREBORN RESCUE,
INC., ALLEN TUTHILL,
ANTONIETTE M. MIGLIORE,
SCOTT J. MAHURIN, and JUDITH
GOLDSBERRY,

      Plaintiffs,

v.                                             Case No.: 8:23-cv-01173-MSS-AAS

CITY OF CLEARWATER,
FLORIDA,

      Defendant.

                                 /

## STIPULATED PERMANENT INJUNCTION ORDER

WHEREAS, on May 26, 2023, Plaintiffs filed their original Complaint initiating this lawsuit against Defendant City of Clearwater (hereinafter the "City").

WHEREAS, on May 26, 2023, Plaintiffs moved this Court for a preliminary injunction against enforcement of City of Clearwater Ordinance 9665-23, codified at City Code § 28.10 ("Vehicle safety zone for Bread and Roses Woman's Health Center located at 1560 S. Highland Ave.") (hereinafter the "Ordinance").

WHEREAS, on June 7, 2023, Plaintiffs filed their Amended Complaint in this lawsuit.

WHEREAS, on June 22, 2023, Plaintiffs filed their Amended Time-Sensitive Motion for Preliminary Injunction ("Renewed Motion") against enforcement of the Ordinance. The parties briefed Plaintiffs' Renewed Motion.

WHEREAS, on September 21, 2023, the Court held an evidentiary hearing and oral argument on Plaintiffs' Renewed Motion. On October 20, 2023, the Court issued a ruling denying the Renewed Motion.

WHEREAS, on October 23, 2023, Plaintiffs filed a notice of appeal of this Court's ruling to the U.S. Court of Appeals for the Eleventh Circuit. The parties thereafter briefed and orally argued Plaintiffs' appeal.

WHEREAS, on December 4, 2025, the Eleventh Circuit issued a ruling reversing this Court's ruling and remanding for entry of an order granting Plaintiffs' renewed motion for a preliminary injunction against enforcement of the Ordinance finding that Plaintiffs would, on the arguments submitted on appeal, likely be able to establish the Ordinance was facially unconstitutional.

WHEREAS, on January 8, 2026, at the direction of the Eleventh Circuit Court of Appeals, this Court preliminarily enjoined the City of Clearwater from enforcing Clearwater City Code § 28.10, otherwise known as ordinance 9665-23 ("Ordinance 9665-23"), pending further litigation.

WHEREAS, the parties now agree and stipulate to an order permanently enjoining the enforcement of Ordinance 9665-23.

WHEREAS this Court has jurisdiction to enter the relief granted herein.

2

WHEREFORE, solely on the stipulation of the Parties and with the benefit of the Eleventh Circuit opinion, with no further fact-finding or assessment by this Court, the Court **ORDERS** as follows:

1. The City of Clearwater, and its officers, agents, servants, employees, and attorneys, and any other person who is in active concert or participation with the City of Clearwater or its officers, agents, servants, employees, or attorneys, are hereby permanently enjoined from enforcing Ordinance 9665-23.

2. This Court shall retain jurisdiction over this action to enforce the permanent injunction; and

3. Plaintiffs may file a motion seeking the costs of litigation, including reasonable attorneys' fees and expenses, under 42 U.S.C. § 1988, within 30 days of the entry of this Order.

**DONE** and **ORDERED** in Tampa, Florida, on this 12th day of March 2026.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of record
Any unrepresented party

3