**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

FLORIDA PREBORN RESCUE,
INC., ALLEN TUTHILL,
ANTONIETTE M. MIGLIORE,
SCOTT J. MAHURIN, and
JUDITH GOLDSBERRY,

      Plaintiffs,

v.                                CASE NO. 8:23-cv-01173-MSS-AAS

CITY OF CLEARWATER,
FLORIDA,

      Defendant.

_____/

**PLAINTIFFS' UNOPPOSED MOTION FOR DETERMINATION OF
ENTITLEMENT TO ATTORNEYS' FEES AND EXPENSES
AND SUPPORTING MEMORANDUM OF LAW**

Pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 54(d), along with Local
Rules 3.01, 3.08(a), and 7.01(a) ("a party claiming a post-judgment attorney's fee
and related non-taxable expenses must obtain an order determining entitlement
before providing a supplemental motion on amount"), Plaintiffs Florida Preborn
Rescue, Inc., Allen Tuthill, Antoniette M. Migliore, Scott J. Mahurin, and Judith
Goldsberry (collectively, "Plaintiffs") hereby move for an order under Local Rule
7.01(b) stating that that Plaintiffs are prevailing parties in this matter and
determining that they are entitled to attorneys' fees and expenses in an amount to be

set by subsequent order, as contemplated by Local Rule 7.01(c). The instant motion is unopposed by Defendant City of Clearwater ("Defendant" or "City").

Pursuant to Local Rule 7.01(b)(1), Plaintiffs state that they are entitled to costs of the litigation, including reasonable attorneys' fees and expenses, under 42 U.S.C. § 1988.

Pursuant to Local Rule 7.01(b)(2), Plaintiffs state that a fair estimate of the amount sought is $970,000, which Defendant contests. Counsel for the parties have been, and continue to be, engaged in discussions to see if a compromise and settlement of this amount can be attained.

Pursuant to Local Rule 7.01(b)(3), a memorandum of law in support of this motion is provided below.

### *Memorandum of Law*

### FACTUAL AND PROCEDURAL BACKGROUND

On March 12, 2026, this Court entered a Stipulated Permanent Injunction Order. (D.E. #60: Stipulated Permanent Injunction Order). That Order stated in part that "Plaintiffs may file a motion seeking the costs of litigation, including reasonable attorneys' fees and expenses, under 42 U.S.C. § 1988, within 30 days of the entry of this Order." The parties then began discussions aimed at resolving the issue of attorneys' fees in lieu of Plaintiffs' filing an initial motion for determination under

2

Local Rule 7.01(b) and then, if said motion is granted, a supplemental motion on the amount under Local Rule 7.01(c).

On April 10, 2026, this Court granted Plaintiffs' unopposed motion for a thirty-day extension of the deadline to file a motion for determination under Local Rule 7.01(b) until May 13, 2026. (D.E. #62: Endorsed Order). After further discussions among counsel, and inability thus far to reach agreement on a stipulated amount, Plaintiffs file the instant motion under Local Rule 7.01(b) without opposition by Defendant.

The present motion is therefore filed under Local Rule 7.01(b) and the deadlines set by this Court's prior orders. Counsel for the parties have agreed to continue negotiations over the amount of attorneys' fees and expenses to be awarded in the hope of obviating subsequent motions practice under Local Rule 7.01(c).

## ARGUMENT

Plaintiffs in this case are indisputably prevailing parties and thus entitled to reasonable attorneys' fees and expenses pursuant to 42 U.S.C. § 1988. The court-ordered permanent injunction bars the City and its representatives from enforcing Clearwater City Ordinance 9665-23, thus providing Plaintiffs the precise relief they sought at the outset of the case. *See, e.g.*, *Lefemine v. Wideman*, 568 U.S. 1, 4 (2012) ("A plaintiff 'prevails' . . . when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's

behavior in a way that directly benefits the plaintiff," and "an injunction . . . will usually satisfy that test") (internal quotes omitted). In any action brought to enforce 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Section 1988 also entitles the prevailing party to recovery of reasonable expenses incurred in the litigation. "With the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under § 1988." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 438 (11th Cir. 1999) (citations omitted); *see also SapaNajin v. Gunter*, 857 F.2d 463, 465 (8th Cir. 1988) ("Reasonable expenses of litigation incurred by counsel on the prevailing side can be awarded as part of the fees due under [42 U.S.C. § 1988].") (citations omitted). This means that "[u]nder § 1988, [the plaintiff] may recover as part of the award of attorney's fees those out-of-pocket expenses that would normally be charged to a fee paying client." *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (internal quotation marks and citations omitted).

Plaintiffs here are the prevailing party via this Court's entry of its March 12, 2026 Stipulated Permanent Injunction Order. (D.E. #60). The Defendant City concedes that Plaintiffs are a prevailing party and thus entitled to attorneys' fees and expenses. The only question remains the *amount*, which is a matter still subject to

discussion among counsel for the parties. Should discussions fail to result in an agreement as to the amount of attorneys' fees and other expenses to be recovered by Plaintiffs, Plaintiffs will timely file a motion in compliance with the requirements of Local Rule 7.01(c).

## Local Rule 3.01(g) Certification

The undersigned counsel for Plaintiffs, B. Tyler Brooks, certifies that he has conferred with opposing counsel for the Defendant City of Clearwater regarding this motion by means of a telephonic meet and confer held Friday, May 8, 2026, and that Defendant's counsel stated that Defendant does not oppose the motion. Thus, no party opposes this motion.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request that this Court enter an order pursuant to Local Rule 7.01(b) finding that that Plaintiffs are prevailing parties in this matter and determining that they are entitled to attorneys' fees and expenses in an amount to be set by subsequent order, if necessary, as contemplated by Local Rule 7.01(c), and for such other and further relief as this Court deems just and proper.

DATED:  May 14, 2026                    Respectfully submitted,

R. Quincy Bird (FBN 105746)
**WEBER, CRABB & WEIN, P.A.**
5453 Central Avenue
St. Petersburg, FL  33710
Tel.: (727) 828-9919; Fax: (727) 828-9924
Primary:  quincy.bird@webercrabb.com

5

Secondary: honey.rechtin@webercrabb.com

Gerasimos "Jerry" Theophilopoulos
(FBN 0068380)
**THEOPHILOPOULOS LAW**
P.O. Box 816
Tarpon Springs, FL 34689
Tel.: (727) 945-1112; Fax: (727) 945-9224
jerry@theolaw.com

*/s/ B. Tyler Brooks*
Joan Mannix[†]
B. Tyler Brooks[†]
Michael G. McHale[†]
**THOMAS MORE SOCIETY**
309 W. Washington Street, Suite 1250
Chicago, IL 60606
Tel.: (312) 782-1680; Fax: (336) 900-6535
jmannix@thomasmoresociety.org
tbrooks@thomasmoresociety.org
mmchale@thomasmoresocoety.org

*Attorneys for Plaintiffs*

[†] Admitted pursuant to L.R. 2.01(c).

6

## <u>CERTIFICATE OF SERVICE</u>

It is hereby certified that on May 13, 2026, the foregoing document was filed

with the Court's CM/ECF system, which will send a copy to counsel for all parties

of record.

Date: May 13, 2026                                    */s/B. Tyler Brooks*
                                                      B. Tyler Brooks
                                                      *Counsel for Plaintiffs*