**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**FLORIDA PREBORN RESCUE, INC.,**
**et al.,**

**Plaintiffs,**

**v.** **Case No.: 8:23-cv-1173-MSS-AAS**

**CITY OF CLEARWATER, FLORIDA,**

**Defendant.**
**_______________________________________/**

# REPORT AND RECOMMENDATION

Plaintiffs Florida Preborn Rescue, Inc., Allen Tuthill, Antoniette M. Migliore, Scott J. Mahurin, and Judith Goldsberry (collectively, the plaintiffs) move for entitlement to an award of attorney's fees and expenses against Defendant City of Clearwater, Florida (the City). (Doc. 63). The plaintiffs' motion for entitlement to fees is unopposed. (*Id.*, p. 5). The City does contest the amount of fees and expenses ($970,000.00) the plaintiffs currently anticipate requesting (though the parties are still working to amicably resolve their dispute over this amount).

## I. BACKGROUND

On March 12, 2026, the court entered a Stipulated Permanent Injunction Order. (Doc. 60). The order stated that, "Plaintiffs may file a motion seeking

the costs of litigation, including reasonable attorneys' fees and expenses, under 42 U.S.C. § 1988, within 30 days of the entry of this Order." (*Id.*, p. 3). On April 10, 2026, the court granted the plaintiff's unopposed motion for a thirty-day extension of the deadline to file a motion for determination of fees and expenses under Local Rule 7.01(b), M.D. Fla. until May 13, 2026. (Doc. 61). The plaintiffs timely moved for an order granting their entitlement to attorney's fees and expenses, and the City does not oppose the plaintiffs' motion. (Doc. 63).

## II. ANALYSIS

In any action brought to enforce 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Section 1988 also entitles the prevailing party to recover reasonable litigation expenses. "With the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under § 1988." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 438 (11th Cir. 1999) (citations omitted).

It is undisputed that the plaintiffs are the prevailing party in this action via the court's Stipulated Permanent Injunction Order and thus are entitled to reasonable attorneys' fees and expenses under 42 U.S.C. § 1988. The

permanent injunction bars the City and its representatives from enforcing Clearwater City Ordinance 9665-23, providing the plaintiffs the relief they sought. (*See* Doc. 12).

## III. CONCLUSION

Accordingly, it is **RECOMMENDED** that the plaintiffs' motion for entitlement to attorney's fees and expenses (Doc. 63) be **GRANTED**.[1]

**ENTERED** in Tampa, Florida, on May 19, 2026.

Amanda Arnold Sansone

AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to request an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure

[1] "Within forty-five days after the order determining entitlement, the party claiming fees and expenses must file a supplemental motion," supporting the amount of fees the moving party requests. Local Rule 7.01(c), M.D. Fla. This report is not an order. Consequently, the entry of this report does not start the forty-five-day timeframe for filing a supplemental motion. Rather, if the District Judge adopts this report's recommendation, that order will commence the forty-five days within which the plaintiffs must file their supplemental motion.

to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.